**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**YONIS ALBERTO VASQUEZ TREJOS,**

**Petitioner,**

**v.** **Civil Action No. 3:26cv678**

**TAE D. JOHNSON, *et al.*,**

**Respondents.**

# ORDER

For the reasons stated in the forthcoming Memorandum Opinion, the Court GRANTS Petitioner Yonis Alberto Vasquez Trejos's Petition. (ECF No. 1.) The Court DENIES as MOOT Mr. Vasquez Trejos's Motion for Temporary Restraining Order. (ECF No. 13.)

Respondents are ORDERED to provide Mr. Vasquez Trejos with a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

The Court ORDERS that the Immigration Court provide Mr. Vasquez Trejos with a bond hearing prior to any hearing on the merits of his removal, and no later than twenty-four (24) hours from the date of entry of this Order, or if that period falls on a weekend, on the next business day.

The Court further ORDERS that at that hearing, Respondents SHALL bear the burden of showing that Mr. Vasquez Trejos is a danger or a flight risk by clear and convincing evidence.

Respondents are ENJOINED from denying bond to Mr. Vasquez Trejos on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

Respondents are ORDERED to file a status report with this Court no later than three (3) days after Mr. Vasquez Trejos's bond hearing, stating whether Mr. Vasquez Trejos has been granted bond, and, if his request for bond was denied, the reason for that denial. Simply stating

that Mr. Vasquez Trejos's request for bond was denied because he was deemed a "flight risk" or a "danger to the community," without more, would be insufficient.

In the event that Mr. Vasquez Trejos is released on bond, Respondents are ENJOINED from rearresting Mr. Vasquez Trejos unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

Should Mr. Vasquez Trejos be released on bond, Respondents are FURTHER ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[1]

Unless a party seeks additional relief within seven (7) days from the filing of the post-bond-hearing status report, the Court will order that this case be CLOSED.

It is SO ORDERED.

Date: 08/28/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

---

[1] Courts in this District have found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025).